IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JENNIFER McMAHAN                                                                                    PLAINTIFF

v.                                               Civil No. 6:19-cv-06079-RTD

SENTRY ADR SERVICES, LLC, and                                                         DEFENDANTS
ERIC CARMICHAEL, individually.

## DEFAULT JUDGMENT AND ORDER

Before the Court is Defendant's Motion for Default Judgment (Mot. Default J., October 19, 2020, ECF No. 11). Plaintiff Jennifer McMahan ("Ms. McMahan") filed her complaint on July 1, 2019. (ECF No. 2). The complaint alleges that Defendants, Sentry ADR Services, LLC ("Sentry") and Eric Carmichael ("Mr. Carmichael"), committed violations of the Fair Debt Collection Practices Act (FDCPA). *Id.* Ms. McMahan filed proof of service for both Defendants. (ECF Nos. 7 & 8). Ms. McMahan properly served both Defendants on August 14, 2019. *Id.* Neither Defendant answered, and the Clerk of the Court entered a Default against them on January 3, 2020 under FRCP 55(a). (ECF No. 9). Ms. McMahan filed a Motion and Brief in Support of her Motion for Default Judgment against Sentry and Mr. Carmichael under FRCP 55(b)(2) on October 19, 2020. (ECF No. 11 & 12).

Plaintiff seeks judgment against Defendant in the total amount of sixteen thousand, four hundred eighty-five dollars ($16,485.00), representing statutory damages in the amount of one thousand dollars ($1,000.00) against Sentry pursuant to 15 U.S.C. § 1692k(a)(2)(A), one thousand dollars ($1,000.00) against Sentry pursuant to Ark. Code Ann. § 17-24-512(a)(2)(A) and one thousand dollars ($1,000.00) against Sentry pursuant to Cal. Civ. Code § 1788.30(b) together with statutory damages in the amount of one thousand dollars ($1,000.00) against Mr. Carmichael pursuant to 15 U.S.C. § 1692k(a)(2)(A), one thousand dollars ($1,000.00) against Mr. Carmichael pursuant to Ark. Code Ann. § 17-24-512(a)(2)(A) and

1

one thousand dollars ($1,000.00) against Mr. Carmichael pursuant to Cal. Civ. Code § 1788.30(b) as well as actual damages against both defendants jointly and severally in the amount of five thousand dollars ($5,000.00) pursuant to 15 U.S.C. § 1692k(a)(1) and Ark. Code Ann. § 17-24-512(a)(1), along with reasonable attorney's fees and costs against both defendants jointly and severally in the amount of five thousand, four hundred, eighty-five dollars ($5,485.00) pursuant to 15 U.S.C. § 1692k(a)(3), Ark. Code Ann. § 17-24-512(a)(3)(A) and Cal. Civ. Code § 1788.30(c).  (ECF No. 11).

Upon review, the Court finds the default judgment proper, and the motion is GRANTED.

## I.   BACKGROUND

Ms. McMahan had a personal credit card account that she used to purchase jewelry.  (ECF No. 2, ¶ 13).  The account allegedly went into default and Sentry sent a letter to Ms. McMahan with a "notice of intention to file a lawsuit" to collect the money owed on the credit card account.  (ECF No. 2, ¶¶ 13 & 30).  Sentry threated legal action against Ms. McMahan.  (ECF No. 2, ¶ 30).  However, they never filed an action against her.  (ECF No. 2, ¶ 33).  Ms. McMahan's complaint alleges that Mr. Carmichael is individually liable as the manager of Sentry.  (ECF No. 2, ¶ 39.)

## II.   DEFAULT JUDGMENT STANDARD

"Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true, but 'it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'"  *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (internal citations omitted).

## III.   Discussion

A.   **FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692**[1] [2]

Plaintiff contends Sentry and Mr. Carmichael violated the FDCPA when they sent a letter threatening to sue Plaintiff on an uncollected credit card account. Also, Plaintiff contends that Mr. Carmichael, the manager of Sentry, has separate liability as a debt collector. The FDCPA, 15 U.S.C. § 1692 *et seq*, is a subchapter of the Consumer Credit Protection Act established to protect consumers from abusive, deceptive, and unfair debt collection practices by debt collectors. *See* 15 U.S.C. § 1692e. A plaintiff alleging a violation of the FDCPA, 15 U.S.C. § 1692 *et seq.*, must demonstrate: (1) she has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a debt collector under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the Act. *See, e.g., Pace v. Portfolio Recovery Assocs., LLC*, 872 F. Supp. 2d 861, 864 (W.D. Mo. 2012). The term "consumer" is defined as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). The term "debt" is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). 15 U.S.C. § 1692a(6) states that:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

---

[1] The success of Ms. McMahan's Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 claim is dependent on the success of her FDCPA claim. California has adopted a state version of the FDCPA, called the Rosenthal Act. *See* Cal. Civ. Code § 1788 *et seq.* The Rosenthal Act mimics or incorporates by reference the FDCPA's requirements and makes available the FDCPA's remedies for violations. *Id.* § 1788.17. "Section 1788.17 of the Rosenthal Act incorporates certain provisions of the FDCPA. Thus, violations of the FDCPA's substantive provisions also violate section 1788.17." *Mariscal v. Flagstar Bank*, No. ED CV 19-2023-DMG, 2020 U.S. Dist. LEXIS 151301, at *5 n.3 (C.D. Cal. Aug. 4, 2020) (first citing *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012); and then citing *Diaz v. Kubler Corp.*, 785 F.3d 1326, 1328 (9th Cir. 2015)).

[2] The Arkansas Fair Debt Collection Practices Act, Ark. Code Ann. § 17-24-101 claim is dependent on the success of the FDCPA claim. A.C.A. § 17-24-506(b)(5) provides that a violation occurs when a debt collector issues a "threat to take an action that cannot legally be taken or that is not intended to be taken."

Threatening legal action when no such action will be filed can amount to a violation of the FDCPA. *Duffy v. Landberg*, 215 F.3d 871, 873 (8th Cir. 2000). The Court finds that Plaintiff's complaint alleges sufficient facts to support a meritorious FDCPA claim against Sentry and Mr. Carmichael. The Court finds that Mr. Carmichael is a debt collector. There is not Eighth Circuit authority stating that the manager of an LLC is separately liable as a "Debt Collector." Therefore, the Court only finds that Mr. Carmichael's actions, as described in Plaintiff's complaint, amount to his conduct matching the statutory definition.

B.   DAMAGES

Plaintiff contends that Defendants are liable for statutory damages from all three statutes. This totals out to three thousand dollars ($3,000) in statutory damages against Mr. Carmichael and three thousand dollars ($3,000) in statutory damages against Sentry. Also, Ms. McMahan seeks an award of five thousand dollars ($5,000) "for the humiliation and harassment suffered as a result of the conduct of Defendants." (ECF No. 11-4, Pg. 13). However, the complaint was not verified, and Ms. McMahan did not submit an affidavit or any proof of actual damages. Ms. McMahan asks that both Defendants be held jointly and severally liable for the actual damages.

A collector who violates the FDCPA may be civilly liable for statutory damages up to one thousand dollars ($1000) per action. 15 U.S.C. § 1692k. A.C.A § 17-24-512(a)(2)(A) allows the court to award additional damages not exceeding one thousand dollars ($1,000). Cal. Civ. Code § 1788.30(b) also allows for an award of up to one thousand dollars ($1,000) in statutory damages.

The Court finds that Ms. McMahan has presented no proof to support an award of actual damages. Ms. McMahan's request for actual damages is merely conclusory and does not merit an award. However, Plaintiff is entitled to one thousand dollars ($1,000.00) against Sentry pursuant to 15 U.S.C. § 1692k(a)(2)(A), one thousand dollars ($1,000.00) against Sentry pursuant to Ark. Code Ann. § 17-24-512(a)(2)(A) and one thousand dollars ($1,000.00) against Sentry pursuant to Cal. Civ. Code § 1788.30(b) together with statutory damages in the amount of one thousand dollars ($1,000.00) against Mr. Carmichael pursuant to 15 U.S.C. § 1692k(a)(2)(A), one thousand dollars ($1,000.00) against Mr. Carmichael pursuant

to Ark. Code Ann. § 17-24-512(a)(2)(A) and one thousand dollars ($1,000.00) against Mr. Carmichael pursuant to Cal. Civ. Code § 1788.30(b).

      C.      **ATTORNEYS' FEES AND COSTS**

Plaintiff contends that she is entitled to five thousand four hundred eighty-five dollars ($5,485.00) in attorney's fees and costs. Plaintiff requests an award of attorney's fees at a rate of three hundred dollars ($300.00) per hour for sixteen and two-tenths (16.2) hours of work for a total fee of four thousand eight hundred sixty dollars ($4,860). (ECF No. 11-1). In support of this amount, Plaintiff's attorney stated in his affidavit that he has been licensed in the state of Arkansas since 2006. (ECF No. 11-2, ¶ 2). Also, he began handling FDCPA claims in 2008 and dedicated his practice to consumer law in 2010. (ECF No. 11-2, ¶ 4). Also, Plaintiff seeks six hundred twenty-five dollars ($625.00) in costs. (ECF No. 11). Ms. McMahan's expenses include the $400.00 filing fee and $225.00 in payments to process servers. The $400.00 filing fee is recorded on the docket (fee received on July 8, 2019). ECF No. 7-2 contains the fee statement from the process servers to support the $225.00 request.

Under 15 U.S.C. § 1692k(a)(3), "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court." In determining the reasonableness of an attorneys' fee award, a "district court [is] required to first calculate a lodestar, by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate, and to then consider whether the lodestar amount should be reduced, based on appropriate considerations." *Jones v. RK Enters. of Blytheville, Inc.*, 632 Fed. Appx. 306, 307 (8th Cir. 2016) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983)).

The Court finds that Plaintiff's attorney has requested a reasonable amount of attorney's fees and costs. Accordingly, the Court finds that Defendants Sentry and Mr. Carmichael are jointly and severally liable to Ms. McMahan for five thousand four hundred eighty-five dollars ($5,485.00).

**IV.**      **ORDER**

In light of Sentry and Carmichael's default and the nature of Plaintiff's claims against them, the Court finds that Plaintiff's Motion for Default Judgment (ECF No. 11) should be and hereby is **GRANTED**. Accordingly, the Court orders as follows:

It is **ORDERED, ADJUDGED, AND DECREED** that Jennifer McMahan is entitled to default judgment and therefore have judgment against Sentry ADR Services, LLC in the amount of $3,000 and judgment against Eric Carmichael in the amount of $3,000 plus Sentry ADR Services, LLC and Eric Carmichael are jointly and severally liable for reasonable attorneys' fees and costs in the amount of $5,485 incurred in attempting to collect the indebtedness, for a total judgment amount of $11,485.

**IT IS SO ORDERED** this 23rd day of March 2021.

/s/ Robert T. Dawson
ROBERT T. DAWSON
SENIOR U.S. DISTRICT JUDGE